# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re DONALD JAMES RUNNALS,<br><br>          Debtor. | BAP No. NC-25-1233<br><br>Bankruptcy Case No.:     25-bk-41356<br>Adversary Proceeding No:  25-ap-4031 |
| DONALD JAMES RUNNALS,<br><br>          Appellant,<br><br>     v.<br><br>PHH MORTGAGE CORPORATION,<br>et al.,<br><br>          Appellees. | |

## RESPONSE TO RUNNALS' ADDITIOIANL AUTHORITIES

On Appeal From the United States Bankruptcy Court
For The Northern District of California

Hon. William J. Lafferty III

Jan T. Chilton (SBN 47582)
jan.chilton@stinson.com
Adam N. Barasch (SBN 158220)
adam.barasch@stinson.com
STINSON LLP
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: 415.398.3344
Facsimile:  415.956.0439

Attorneys for Appellees

## I.

## THEADDITIONAL AUTHORITIES VIOLATE APPELLATE RULES

The Court should strike or disregard Donald J. Runnals' ("Runnals' ") "Additional Authorities" ("AAuth") filed on June 3. Dkt. # 27.

1.      Runnals was not allowed a new brief after his reply filed on May 8. Dkt. # 19; *see In re Jones,* 186 B.R. 71, 76 (Bankr. W.D. Ky. 1995). The AAuth's last section just rehashes Runnals' other briefs. *Compare* AAuth, 5-6 *with* AOB, 11-14; ARB, 8-11.

2.      Bankruptcy Rule 8014(f) allows citation of new "authorities," not new "facts" or evidence. *See Cohen v. ConAgra Brands, Inc.,* 16 F.4th 1283, 1290 n. 9 (9th Cir. 2021). The AAuth's first two sections refer exclusively to new supposed facts for which Runnals offers no admissible evidence; namely, a MERS officer's deposition testimony supposedly given 16 years ago and completely unsupported "facts" about the 2018 MERS assignment's signer. AAuth, 2, 3-4

3.      Contrary to Runnals' representation, AAuth, 2, the AAuth's first three sections do not relate to Argument III of his opening brief but instead assert invalidity of the MERS assignment on wholly different grounds. *Compare* AAuth, 2-5 *with* AOB, 11-14. Additional authorities cannot raise new claims or theories.

## II.

## RUNNALS' NEW THEORIES ARE MERITLESS

Hultman's supposed 2010 deposition testimony has been raised and rejected before. *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *2-3 (Tex. App. Oct. 23, 2013) "conclude[d] the deposition is less than a scintilla of evidence that" the person executing the assignment lacked authority to do so.

Moreover, an assignment without authority may be ratified. *Rakestraw v. Rodrigues*, 8 Cal. 3d 67, 73(1972). Hence, such an assignment is only voidable, not void, and it is not subject to attack by a non-party such as a borrower. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 930, 936 (2016).

MERS did not lose the power to assign Runnals' deed of trust when the original lender, IndyMac, ceased to exist. *See, e.g. Davis v. Rama Cap. Partners, LLC,* No. 23-cv-4969, 2024 WL 874112, at *5 (N.D. Cal. Feb. 29, 2024).

DATED: June 8, 2026

STINSON LLP

By: _____

JAN T. CHILTON

Attorneys for Appellees

# Certificate Of Compliance

This response complies with Federal Rule of Bankruptcy Procedure 8014(f)'s word limit.  According to the word processing program used to create it, the response contains 341 words, excluding the cover page, signature block and this certificate.

DATED:  June 8, 2026                                STINSON LLP

By:  _____

                                            JAN T. CHILTON

                                        Attorneys for Appellees

## Certificate Of Service

I hereby certify that on June 8, 2026, I electronically filed the foregoing

Response to Runnals' Additional Authorities with the Clerk of the Court for the

United States Bankruptcy Appellate Panel of the Ninth Circuit by using the

appellate CM/EFC system.

Participants in the case who are registered CM/ECF users will be served by

the appellate CM/ECF system.  Attorneys for all parties to this case are registered

CM/ECF users.

Dated:  June 8, 2026.

_____

Jan T. Chilton